UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT EARL KING, III,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-807** |
| **SLIDELL CITY, ET AL.** | **SECTION: "R"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Robert Earl King, III, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. King sued the City of Slidell and the Slidell Police Department.[1] In his complaint, King stated that he was arrested in February 2025 for aggravated obstruction of a highway of commerce.[2] King stated his claim, without corrections to grammar or spelling, as follows:

> Some one diliberately moved my vehicle onto the rail road tracks and it was struck by a train. Said individuals are alleged to be Slidell Police.
> (1) Defamation of character.[3]

King seeks monetary damages and prosecution of the involved individuals.[4]

To better understand King's claims, the Court held a Spears hearing in this matter on July 1, 2025.[5] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of

---

[1] King has four other lawsuits in this district currently undergoing the screening process. King v. Lott, et al., No. 25-785 (E.D. La.); King v. Redivac Transportation Serv., No. 25-808 (E.D. La.); King v. Thompson Meat Packing, et al., No. 25-962 (E.D. La.); King v. Children's Hosp. Houston, Texas, et al., No. 25-963 (E.D. La). One of these lawsuits, King v. Lott, et al., also relates to his arrest in February 2025.
[2] Rec. Doc. 3 at 2.
[3] Id. at 4.
[4] Id. at 5.
[5] Rec. Doc. 10.

a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the pro se applicant. Id.

At the Spears hearing, King testified that he was arrested on February 15, 2025, for aggravated obstruction of a highway of commerce, disturbing the peace and possession of marijuana. King explained that, prior to his arrest, he parked his truck at least two car lengths away from train tracks and then walked along the parade route on Gause Boulevard East.

King testified that two unknown police officer arrested him for possession of marijuana. According to King, he was brought to St. Tammany Correctional Center and placed in a holding cell. Two hours later, an officer showed him a picture of his truck which had been struck by a train. King denied parking his truck on the train tracks as well as ever having made a statement admitting that he did so. King claimed that he saw James Franklin,[6] a former police officer, along the parade route. King testified that Franklin was wearing a Slidell Police officer shirt, although he admitted on multiple occasions that he does not believe Franklin to be an employee of the Slidell Police Department. King speculated that Franklin, who he claimed had previously framed him for murder in 2000 and 2016 and has a vendetta against him, either influenced or told someone to move King's truck onto the train tracks. King claimed that his defense attorney has video footage depicting someone moving the truck onto the train tracks. He claimed that video surveillance from the surrounding businesses will show his activities from the time he parked his truck until he was arrested. King's state criminal charges are currently pending.

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

---

[6] King did not name Franklin as a defendant in this case. Franklin is a named defendant in King v. Lott, et al.

>    (i)    is frivolous or malicious;
>
>    (ii)   fails to state a claim on which relief may be granted; or
>
>    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because King is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[7] 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

---

[7] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

King filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

For the following reasons, even when King's complaint is liberally construed,[8] his federal civil rights claims are frivolous and/or fail to state a claim on which relief may be granted.

---

[8] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

King's claim against the Slidell Police Department should be dismissed as the Slidell Police Department is not a suable entity. "In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether [a defendant] can be sued. Under Louisiana law, a sheriff's office, or police department, is a non-entity incapable of being sued." Hemphill v. Lopez, No. 13-4768, 2015 WL 4168194, at *3 (E.D. La. July 9, 2015) (footnote omitted); accord Williams v. Houma Police Department, No. 20-0040, 2020 WL 4808651, at *4 (E.D. La. July 14, 2020) ("[F]ederal courts have consistently held that the city police departments in Louisiana lack juridical capacity."), adopted, 2020 WL 4785079 (E.D. La. Aug. 18, 2020); Perry v. Paz, No. 16-17653, 2017 WL 9362585, at *2 (E.D. La. Mar. 3, 2017) ("[A] police department is not a legal entity or person capable of being sued. The State of Louisiana grants no such legal status to any law enforcement office or department." (citations omitted)), adopted, 2017 WL 1045679 (E.D. La. Mar. 20, 2017). Given that a Louisiana municipal police department is not capable of being sued, "Slidell Police Department" is not a proper defendant; therefore, the claims against it should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted. See Hemphill, 2015 WL 4168194, at *3; Williams, 2020 WL 4808651, at *5; Perry, 2017 WL 9362585, at *2.

As noted, King also sues the City of Slidell. King was provided an opportunity to state his best case against the City as allowed by Spears. See Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). At the hearing, King testified that he named the City as a defendant because the officers involved are City employees.

While § 1983 claims may be brought against municipalities "where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," municipalities cannot be held

5

liable solely for employing a tortfeasor; that is, they "cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)

To state a claim for municipal liability under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.' " Valle v. City of Houston, 613 F.3d 536, 541 (5th Cir. 2010) (citing Monell, 436 U.S. at 691). "A plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.' " Id. at 541-42 (quoting Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002)). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. "[I]solated unconstitutional actions by municipal employees will almost never trigger [municipal] liability." Piotrowski, 237 F.3d at 578 (citing Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (per curiam); McKee v. City of Rockwall, 877 F.2d 409, 415 (5th Cir. 1989)).

Here, King fails to allege any of the elements of municipal liability. He does not allege that anyone violated his constitutional rights pursuant to a City of Slidell policy or custom of which a policymaker had actual or constructive knowledge. He simply alleges that the City of Slidell is liable for the allegedly unlawful acts of its alleged police officers. As King has failed to state a claim against the City of Slidell, his claims against the City should be dismissed.

To the extent that King requests that individuals involved in his arrest and prosecution be criminally prosecuted, he has failed to state a viable claim. There is no constitutional right to have someone criminally prosecuted because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Lewis v. Jindal, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution") and Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (there is no constitutional right to have someone criminally prosecuted). The fact that King believes the alleged actions by others to be criminal is not sufficient to establish a constitutional wrong for which he is entitled to personal redress under § 1983. Therefore, his claim for criminal prosecution should be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

Lastly, if King intended to assert state law claims, the Court should decline to exercise supplemental jurisdiction to consider them in light of the fact that he has no valid federal claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."); see also Jackson v. Mizzel, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If King wishes to pursue claims under state law, he should do so in the state courts.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that King's federal civil rights claims **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that King's claims under state law be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __8th__ day of July, 2025.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**